UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07-CV-00483-TBR

JOHN GOODWIN                                                                                    PLAINTIFF

v.

CSX TRANSPORTATION, INC., et al.                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Defendants', General Electric Capital Services, Inc., and General Electric Railcar Services Corp. (collectively "GE"), Motion for Summary Judgment (DN 104). Defendant, CSX Transportation, Inc. ("CSX"), has also filed a Motion for Summary Judgment on Plaintiff's Business-Related/Business Loss Claim (DN 109). Plaintiff has filed a response to both motions (DN 111). GE has filed a reply (DN 112) and CSX has filed a reply (DN 113). This matter is now ripe for adjudication. For the reasons that follow, GE's motion is GRANTED and CSX's motion is GRANTED.

## BACKGROUND

On January 16, 2007, a train derailment occurred in Brooks, Bullitt County, Kentucky. CSX operated and maintained a railroad system through Bullitt County and was operating the train that derailed. GE owned the railcar which allegedly caused the derailment. Beginning in 1992, GE had leased the railcar to Alabama & Gulf Coast Railroad and the railcar remained leased on the date of the derailment.

When the CSX train derailed multiple railcars ruptured and exploded releasing toxic and hazardous fumes and gases into the air in the vicinity of the accident. At the time of the derailment, Plaintiff was living in a rented house near the derailment site.

Plaintiff filed this action in September of 2007 alleging multiple common law claims against

CSX including negligence, gross negligence and nuisance. Plaintiff later filed an action against GE alleging two counts of negligence. These cases have been consolidated. GE now moves for summary judgment. CSX has moved for summary judgment on Plaintiff's business-related or business loss claim relying on the arguments set forth by GE in its motion.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

GE has moved for summary judgment arguing: 1) Plaintiff cannot sustain a claim for product liability without a causation expert; 2) there can be no product liability claim against a commercial lessor; 3) Plaintiff has no standing to assert any business related damages; 4) Plaintiff's claim for business related damages is speculative; and 5) Plaintiff's tort claims are preempted by federal law. CSX has moved for summary judgment on Plaintiff's business-related or business loss claim relying on the arguments set forth by GE in its motion for summary judgment.

**I. Negligence Claims**

First, GE has asserted Plaintiff is alleging product liability claims and has argued that Plaintiff must have a causation expert in order to succeed on such claims. Plaintiff has asserted his claims are grounded only in negligence, not product liability. In response, GE argues a causation expert is similarly required even if the action is grounded only in negligence and not product liability.

The Court need not decide whether Plaintiff has asserted a product liability claim or only a negligence claim as summary judgment is appropriate in both circumstances. If Plaintiff's claims were product liability claims as asserted by GE, Plaintiff would be required to produce expert testimony regarding causation which Plaintiff has not done. *See Watson v. Ford Motor Co.*, No.

3

08-508-KSF, 2009 WL 5064316, at *1 (E.D. Ky. Dec. 15, 2009) ("'Expert witnesses are generally necessary, indeed essential, in products liability cases, as they are in medical malpractice actions, to prove such matters as a product defect and proximate causation, unless of course the nature of the defect and resultant injuries are so obvious to fall within the general knowledge of the ordinary person.'") (quoting William S. Haynes, KENTUCKY JURISPRUDENCE: TORTS § 21-28 (1987)); *Honaker v. Innova, Inc.*, No. 1:04-CV-132(M), 2007 WL 1217744, *2 (W.D. Ky. April 23, 2007) (same); *Thomas v. Manchester Tank & Equip. Corp.*, No. 3:03CV705H, 2005 WL 3673118, *1 (W.D. Ky. May 13, 2005) (same); *Turpin v. Merrell Dow Pharmaceuticals, Inc.*, 959 F.2d 1349, 1359 (6th Cir. 1992)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (holding that on summary judgment in a products liability case, "the expert evidence must show the elements required for a finding of causation.").

If Plaintiff's claims are grounded in negligence, Plaintiff has failed to present sufficient evidence that GE caused the derailment. Plaintiff in his response relies solely on interrogatory answers provided by CSX as evidence of GE's negligence causing the derailment. Although Plaintiff notes that the interrogatory answers are attached the Court notes the interrogatories were not attached and were not part of the record before the Court. GE, in reply, attached a copy of interrogatories filed in another case, McKee v. CSX Transportation, Inc., No. 3:08-cv-00083, which appear to be those relied upon by Plaintiff in this matter. GE was not a party to that action.

The Court finds Plaintiff's reliance on CSX's discovery responses in a different lawsuit, especially one to which GE was not a party, is improper. Interrogatories propounded in a different or underlying suit are not admissible for consideration either for or against summary judgment. *See Stanley Martin Cos, Inc. v. Universal Forest Prods. Shoffner, LLC*, 396 F. Supp.2d 606, 613 (D. Md.

4

2005) (holding reliance on depositions and interrogatory responses from prior litigation between the plaintiff and another party is hearsay, and is therefore inadmissible in support of a summary judgment motion)*; Owners Ins. Co. v. James*, 295 F. Supp.2d 1354, 1362 (N.D. Ga. 2003) (holding responses to discovery interrogatories that were filed in separate action and were not verified were inadmissible to raise issue of fact in opposition to summary judgment motion). Further, interrogatory answers may not be used against any party who is not the party answering the interrogatory. *Stottlemire v. Cawood*, 213 F. Supp. 897, 899 (D.D.C. 1963) ("A mere ex parte statement in an answer to an interrogatory is admissible against the party answering the interrogatory, but it is not admissible in evidence against anyone else, especially as the person giving the answer is not subject to cross-examination."). Furthermore, even if this evidence was admissible or reliable, this evidence alone is not enough to sustain Plaintiff's burden of proof at the summary judgment stage. GE is entitled to summary judgment.

**II. Business-Related Loss**

CSX moves for summary judgment on Plaintiff's business-related/business loss claim adopting the argument set forth by GE in its motion. CSX argues that Plaintiff does not have standing to assert a claim for business-related damages and, even if he had standing, any such claim would only be speculative. In response, Plaintiff asserts only that he has suffered a loss of earning capacity. Plaintiff does not assert that he is seeking to recover any damages sustained by his father's planned business, Off Road Adventures, LLC.

Apparently, George Goodwin, planned to operate a business with a retail sales and service shop as well as a dirt track on which rented dune buggies could be driven. At the time of the derailment no part of the operation was open for business. The Bullitt County Joint Planning

Commission and Board of Adjustments had denied George Goodwin's application for conditional use permit. The business was to be known as Off Road Adventures ("ORA"), although it had never opened prior to the derailment.

Mr. Goodwin never obtained the permit. A fact finder would have to speculate that eventually a permit would have been granted and Goodwin would have opened the business and it could have made a profit.

Plaintiff has not presented sufficient proof of causation nor can plaintiff prove business related damage with certainty. Therefore, the Court finds, to the extent Plaintiff is deemed to have asserted a claim for business-related damages CSX is entitled to summary judgment on that claim.

## CONCLUSION

For the foregoing reasons, GE's motion for summary judgement is GRANTED and CSX's motion for summary judgment is GRANTED. An appropriate judgment shall issue.