UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07-CV-00483-TBR

JOHN GOODWIN                                                                            PLAINTIFF

v.

CSX TRANSPORTATION, INC., et al.                                      DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court upon Defendant's, CSX Transportation, Inc. ("CSX"), Motion for Summary Judgment (DN 116). Defendants, General Electric Capital Services, Inc., and General Electric Railcar Services Corp. (collectively "GE"), have also filed a Motion for Summary Judgment (DN 117). Plaintiff has filed a response to both motions (DN 121). CSX has filed a reply (DN 124). This matter is now ripe for adjudication. For the reasons that follow, GE's motion is GRANTED and CSX's motion is GRANTED.

**BACKGROUND**

On January 16, 2007, a train derailment occurred in Brooks, Bullitt County, Kentucky. CSX operated and maintained a railroad system through Bullitt County and was operating the train that derailed. GE owned the railcar which allegedly caused the derailment. Beginning in 1992, GE had leased the railcar to Alabama & Gulf Coast Railroad and the railcar remained leased on the date of the derailment.

When the CSX train derailed multiple railcars ruptured and exploded releasing toxic and hazardous fumes and gases into the air in the vicinity of the accident. At the time of the derailment, Plaintiff was living in a rented house near the derailment site.

Plaintiff filed this action in September of 2007 alleging multiple common law claims against CSX including negligence, gross negligence and nuisance. Plaintiff later filed an action against GE

alleging two counts of negligence. These cases have been consolidated. CSX and GE now move for summary judgment.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R.

Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

Defendants have moved for summary judgment due to a lack of medical causation evidence. Defendants have submitted expert reports and depositions as exhibits to their motion for summary judgment that opine that there is no causation between Plaintiffs injuries and the train derailment. Plaintiff has offered no causation testimony of his own. While Plaintiff suggests in his response that expert testimony would be available August 27th, the deadline for disclosing experts passed over five months ago and Plaintiff has requested no extension for time. Additionally, August 27th has now come and gone, and Plaintiff has issued no supplemental expert disclosures. Accordingly, there is no issue of material fact regarding medical causation of Plaintiff's injuries by Defendants.

The lack of medical causation supporting Plaintiff is fatal in the current case. "Kentucky courts have consistently "adhered to the rule that the causal connection between an accident and an injury must be shown by medical testimony and the testimony must be that the causation is probable and not merely possible."" *Jarrett v. Saltz*, No. 2006-CA-001251-MR, 2007 WL 4355449, at *3 (Ky.App. 2007) (citing *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky. 1965)). Failure to produce such testimony must result in dismissal of the action by entry of summary judgment. *Id.* (citing *Maggard v. McKelvey*, 627 S.W.2d 44 (Ky. App. 1981)). Accordingly, summary judgment must be granted in the current case.

## CONCLUSION

For the foregoing reasons, GE's motion for summary judgement is GRANTED and CSX's motion for summary judgment is GRANTED. An appropriate judgment shall issue.